**SEALED**

DAVID B. BARLOW, United States Attorney (#13117)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
185 S. State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387
e-mail: adam.elggren@usdoj.gov

FILED IN UNITED STATES DISTRICT
COURT DISTRICT OF UTAH

NOV 10 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>PRABU MOHAPATRA,<br><br>Defendant. | MAGIS. NO. 2:11mj 286 BCW<br><br>C O M P L A I N T<br><br>VIO. 18 U.S.C. §1832, THEFT OF TRADE SECRETS.<br><br>Magistrate Judge Brooke C. Wells |

Before a United States Magistrate Judge for the District of Utah, appeared

the undersigned, who on oath deposes and says:

<u>COUNT 1</u>

On or about October 25, 2011, in the Central Division of the District of

Utah,

PRABU  MOHAPATRA,

the defendant herein, with intent to convert a trade secret, that is related to and

included in a product that is produced for and placed in interstate and foreign

commerce, to wit: a specific chemical "recipe" for 2,2'-dipyrromethane, to the

economic benefit of a person other than the owner thereof, and intending and

knowing that the offense will injure any owner of that trade secret, knowingly, and

without authorization, copied, duplicated, downloaded, uploaded, transmitted,

communicated and conveyed such information, to wit: while an employee of

Frontier Scientific, Inc. ("FSI"), of Logan, Utah, defendant PRABHU

MOHAPATRA did e-mail the above-mentioned "recipe," a proprietary trade

secret of FSI, via his personal e-mail address to the e-mail address

anil.bhise@silviupharmachem.com, with the apparent purpose that the "recipe" be

used by a chemical company for the benefit of that company and its owners and

employees, and to the economic detriment of FSI, all in violation of

18 U.S.C. §472.


Complainant states that this complaint is based on information obtained

through investigation consisting of the following:

**AFFIDAVIT OF BENTON LARSEN IN SUPPORT OF
CRIMINAL COMPLAINT**

I, Benton Larsen, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been employed as such since September 2002. I am currently assigned to investigate counterintelligence matters , which includes Economic Espionage and the Theft of Trade Secrets. The following is based on my own investigation, oral and written reports by other law enforcement officers, interviews, public records, database checks, searches and other investigation. As this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts I believe are necessary to establish foundation for the complaint. Dates and times are approximate.

2. Subject Prabhu Mohapatra was employed as a Senior Scientist by Frontier Scientific Inc. (FSI), formerly known as Porphyrin Products, Inc. in Logan, UT from October 19, 2009 until and including November 1, 2011. On October 19th, 2009 Mohapatra signed two documents: (1) Confidentiality and Non-Competition Agreement (Confidentiality Agreement) and (2) Internet Usage Policy (IT Policy).

3. Under Recital Paragraph B of the Confidentiality Agreement, Mohapatra agreed that "the Company desires to maintain the secrecy of its Proprietary Information and to protect the same against unauthorized use by others, including the employee. Employee acknowledges that such proprietary information is the sole and exclusive property of the Company and that maintenance of the confidentiality thereof is essential to the Company's ability to conduct its business. "

4. Under Article I paragraph 1 of the Confidentiality Agreement, Mohapatra agreed that "he will not at any time, in any fashion, form, or manner or directly or indirectly, use for himself, divulge, disclose or communicate to any person, firm or corporation any such knowledge or Proprietary Information... without the prior consent of the Company. "

5. Under Article I paragraph 5, Mohapatra agreed that "all Proprietary Information conceived, written, created or first reduced to practice in the performance of employment shall be the Company's sole and exclusive property. Employee shall not, except for Company use, copy or duplicate any of the aforementioned Proprietary Information, nor remove such from the Company's facilities, nor use any information concerning them except for the

-4-

Company's benefit…"

6. Under paragraph C(1) of the IT policy, Mohapatra agreed that "files containing sensitive company data… that are transferred in any way across the Internet must be encrypted."

7. On October 25th, 2011,  Mohapatra's FSI co-worker ("Co-worker") observed Mohapatra create a Microsoft word document on his company desktop computer that contained the recipe for the process of manufacturing 2,2'-dipyrromethane. Co-worker also saw Mohapatra convert the file into a PDF file, then saw Mohapatra access his personal email account. It appeared that Mohapatra then emailed the file. The recipe for 2, 2'-dipyrromethane is a FSI trade secret . Co-worker  reported her observations to FSI management and also reported that they had previously seen Mohapatra using his company computer to create a logo for a company called Medchemblox.  Mohapatra had also recently begun bringing a personal laptop computer into his work space and using it instead of his company computer.

8. On the evening of October 25th, the FSI IT Manager ("IT Manager") installed key logger software on Mohapatra's company computer and mirrored Mohapta's company computer hard drive.  IT Manager also disabled

Mohapatra's ability to use his personal laptop to access the company's database, so he would have to use the company computer when he came in the next day.

9. On October 26th, IT Manager conducted a review of Mohapatra's computer activity on the mirrored hard drive. IT Manager found information in the recent activity logs which appeared to show Mohapatra accessing a Microsoft word document titled 2, 2' Dipyrromethane.doc and a PDF file titled 2,2'Dipyrromethane.pdf. The recent activity logs also showed Mohapatra logged into his personal email account, dr_prabhu_prasad_mohapatra@hotmail.com, and showed he possibly sent email attachments to an individual associated with an Indian pharmaceutical chemical company. Subsequent investigation by FSI showed that that individual ("President") is the President of Medchemblox and an official with Dr. Silviu Pharmachem Pvt. Ltd., both of which are Indian companies. This information supported Co-worker's observations of Mohapatra's actions.

10. While IT Manager was conducting the review of Mohapatra's hard drive on 10/26, Co-worker again observed Mohapatra on his company computer. Co-worker promptly reported to a supervisor, the Director of Applied

Technology at FSI, that Mohapatra had placed the chemical "recipe" for Fe [III] meso-tetra [o-dichlorophenyl] porphine chloride (referred to hereafter as T41133, the FSI catalog number) in a Word document and a PDF file. Mohapatra then appeared to access his personal email account and send the file. At lunchtime on 10/26, IT Manager reviewed the keylogger information on Mohapatra's company computer, which includes information on keystrokes, mouse clicks and screen shots. This review showed that, on the morning of 10/26, Mohapatra accessed his personal email account dr_prabhu_prassad_mohapatra@hotmail.com and sent an email attachment titled Fe_III_meso-tetra_2,6-dichlorophenyl_porphyrin chloride.pdf to President at his email address. The review also captured a reply email from President in which President told Mohapatra that information provided by Mohapatra would enable President to make five-six months worth of products for Porphyrin Systems, a German chemical company which is a direct competitor of FSI. This information confirmed Co-worker's report of Mohapatra's activity on 10/26. The review also showed Mohapatra deleted the word and PDF documents after sending them, and deleted the emails from his email account.

11.    AN FSI supervisor advised that FSI's recipes are trade secret information stored in a FSI database called the Chemist Lab book. FSI has developed proprietary methods to produce large scale quantities of certain chemicals. The recipes are marked as proprietary information. When a recipe is printed, the following wording appears at the bottom of each recipe: "The information contained herein is proprietary, confidential, copyrighted and is the legally protected work of Frontier Scientific In It may also be patented or subject to other intellectual property rights. You are not authorized to use, disclose, or copy any information herein without specific written authorization from Frontier Scientific Inc. and any unauthorized use, disclosure or copying is strictly prohibited and may result in legal action against you."

12.    On 10/26, FSI placed Mohapatra on administrative leave and revoked his access to company computers. Subsequently, Mohapatra met with FSI officials including the Chief Operating Officer ("COO"), the Controller and Human Resources Director, and others, and apologized for his behavior. Mohapatra provided a handwritten note in which he stated," I admit my mistake and I am truly sorry." Mohapatra admitted that he was involved with

the creation of an Indian company called Medchemblox. The website for Medchemblox advertised that it would produce and sell the same types of products and services as FSI. Mohapatra admitted that his brother-in-law is a co- founder of Medchemblox, along with President. Mohapatra admitted to providing the recipes for four chemical compounds to President: (1) 2,2'-dipyrromethane (the recipe Mohapatra sent to President on 10/25); (2) 1,9-diformyl dipyrromethane; (3) 1-formyldipyrromethane; (4) T41133 (the recipe Mohapatra sent to President on 10/26). These recipes are all FSI trade secrets.

13.    As one example of the value of these recipes, according to FSI officials, they are the only company in the world which can produce 2,2' dipyrromethane in large quantities. Between May of 2008 and the present, FSI made twelve batches of various sizes of this compound. FSI's production cost of these twelve batches totaled $59,059.15. More significantly, a company recently asked for a price quote from FSI for 100 kg of this compound.

14.    An FSI supervisor advised that approximately one year ago, he specifically told Mohapatra not to share any trade secret information with President. FSI had been exploring the possibility of using an Indian company

to manufacture some products and had requested President manufacture two items for FSI. However, President was advised that FSI would not share any trade secrets with him. Mohapatra was not authorized to send the trade secret information to President.

15.    Subsequent to Mohapatra being placed on administrative leave, representatives of FSI went to Mohapatra's residence located at 1585 N 400 E, Apt 638, North Logan, UT. Mohapatra provided FSI with written consent to mirror the hard drives and retrieve the data from his personal computers and devices. Mohapatra provided two laptops, including the laptop he had used at the office, a desktop computer, two iphones and an ipad. FSI had a computer forensic company mirror the hard drives and retrieve the data from these devices. All these items were then returned to Mohapatra. The information obtained from these devices has not yet been reviewed.

16.    On October 26, 2011 Mohapatra sent an email to COO and stated "…I realize I may have done something wrong ….Even if you lay off me or put me in jail I will not do anything to hurt FSI. I will keep out all together for myself of Frontier's business." In another October 26, 2011 email Mohapatra sent to

COO, Mohapatra stated that MedChemBlox is not registered yet as company in India and that only the website was created. Mohapatra said he was withdrawing involvement with that company. On October 29, 2011 Mohapatra sent an email to President and stated, "Please do not make any product currently present in Frontier Scientific's catalog....I will lose my job and even could face jail time if you make and sell any product that is currently listed in FSI's catalog."

17.     Mohapatra and his wife are both green card holders and citizens of India. Mohapatra told individuals from FSI that his wife and two children were preparing to return to India some time the week before Thanksgiving. Mohapatra planned to leave Utah by the end of November and seek employment in California. If he was unable to obtain employment, he would return to India.

18.     Surveillance of Mohapatra's residence on 11/10 revealed that both vehicles registered to Mohapatra are located in the parking lot of his residence apartment complex and Mohapatra has been observed doing laundry within the apartment complex.

Based on the forgoing, your affiant is of the opinion that there is probable cause to believe that Prabu Mohapatra did knowingly take trade secrets of Frontier Scientific Inc. (FSI) and transmitted same, with the intent and knowledge that doing so would injure the owner of that trade secret, in violation of Title 18 United States Code, Section 1832, Theft of Trade Secrets.

Benton Larsen

Special Agent, F.B.I.

Sworn to and subscribed before me
on this 10th day of November, 2011

Brooke C. Wells
United States Magistrate Judge