FILED
U.S. DISTRICT COURT

DAVID B. BARLOW, United States Attorney (#13117)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
185 S. State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387
e-mail: adam.elggren@usdoj.gov

2011 DEC -7  P 4: 36

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> **PRABHU MOHAPATRA,** <br><br> Defendant. | **INDICTMENT** <br><br> VIOLS. 18 U.S.C. §1832, THEFT OF TRADE SECRETS; <br><br> 18 U.S.C. §1030, COMPUTER FRAUD. |

Case: 1:11-cr-00132
Assigned To : Waddoups, Clark
Assign. Date : 12/07/2011
Description: USA v.

The Grand Jury Charges:

## BACKGROUND

At all times relevant to this indictment:

1.  PRABHU MOHAPATRA was a resident of the North Logan, Utah area and an Indian citizen with a work visa and "green card," or alien registration card.

2.  MOHAPATRA was employed as a PhD chemist by Frontier Scientific, Inc. ("FSI"), a Logan, Utah company.

3.  FSI was in the business of producing chemicals in mass quantities, chiefly for use in the production of pharmaceuticals.

## Trade Secrets

4.  FSI has developed a number of "recipes" for the production of pharmaceutical chemicals. Such recipes may include public information, but also include information proprietary to FSI, such as the exact manner in which chemicals are produced. MOHAPATRA's duties at FSI involved accessing some of these "recipes."

5.  The chemical "recipes" belonging to FSI are valuable in that they describe production methods unique to FSI, and afford FSI production advantages over competitors, among other benefits.

6.  FSI takes steps to protect their chemical "recipes" by keeping them stored on a password-protected database, encrypting information, and alerting employees and others with written warnings and agreements describing the protected nature of the "recipes," among other methods. All FSI employees who access the

"recipes," including MOHAPATRA, are made to sign secrecy agreements and are exposed to written warnings about the private nature of the "recipes."

## COUNT 1
### (18 U.S.C. §1832, Theft of Trade Secrets)

7.  The Grand Jury hereby incorporates and realleges paragraphs 1-6 above.

8.  On or about October 25, 2011, in the Northern Division of the District of Utah,

**PRABHU MOHAPATRA,**

the defendant herein, with the intent to convert a trade secret that is related to and included in a product that is produced for and placed in interstate and foreign commerce, to wit: a specific chemical "recipe" for 2,2'-dipyrromethane, to the economic benefit of a person other than the owner thereof, and intending and knowing that the offense will injure any owner of that trade secret, knowingly, and without authorization, copied, duplicated, downloaded, uploaded, transmitted, communicated and conveyed such information, to wit: while an employee of Frontier Scientific, Inc. ("FSI"), of Logan, Utah, defendant PRABHU MOHAPATRA did e-mail the above-mentioned "recipe," a proprietary trade

secret of FSI, via his personal e-mail address to an e-mail address of an associate in India, with the apparent purpose that the "recipe" be used by a chemical company for the benefit of that company and its owners and employees, and to the economic detriment of FSI; all in violation of 18 U.S.C. §1832.

## COUNT 2
## (18 U.S.C. §1030(a)(2)(C), Computer Fraud)

9.  The Grand Jury hereby incorporates and realleges paragraphs 1-6 above.

10. On or about October 25, 2011, in the Northern Division of the District of Utah,

**PRABHU MOHAPATRA,**

the defendant herein, intentionally exceeded authorized access to a computer, and thereby obtained information from a protected computer; to wit: he did access and copy a specific chemical "recipe" for 2,2'-dipyrromethane from a protected computer at Frontier Scientific, Inc. of Logan, Utah, and transmitted the "recipe" via email to an associate, without authorization; all for purposes of commercial advantage and private financial gain; all in violation of 18 U.S.C. §1030(a)(2).

## COUNT 3
## (18 U.S.C. §1832, Theft of Trade Secrets)

11.     The Grand Jury hereby incorporates and realleges paragraphs 1-6 above.

12.     On or about October 26, 2011, in the Northern Division of the District of Utah,

## PRABHU MOHAPATRA,

the defendant herein, with the intent to convert a trade secret that is related to and included in a product that is produced for and placed in interstate and foreign commerce, to wit: a specific chemical "recipe" for Fe [III] meso-tetra [o-dichlorophenyl] porphine chloride, to the economic benefit of a person other than the owner thereof, and intending and knowing that the offense will injure any owner of that trade secret, knowingly, and without authorization, copied, duplicated, downloaded, uploaded, transmitted, communicated and conveyed such information, to wit: while an employee of Frontier Scientific, Inc. ("FSI"), of Logan, Utah, defendant PRABHU MOHAPATRA did e-mail the above-mentioned "recipe," a proprietary trade secret of FSI, via his personal e-mail address to an e-mail address of an associate in India, with the apparent purpose that the "recipe" be used by a chemical company for the benefit of that company

and its owners and employees, and to the economic detriment of FSI; all in violation of 18 U.S.C. §1832.

## COUNT 4
## (18 U.S.C. §1030(a)(2)(C), Computer Fraud)

13. The Grand Jury hereby incorporates and realleges paragraphs 1-6 above.

14. On or about October 26, 2011, in the Northern Division of the District of Utah,

**PRABHU MOHAPATRA,**

the defendant herein, intentionally exceeded authorized access to a computer, and thereby obtained information from a protected computer; to wit: he did access and copy a specific chemical "recipe" for Fe [III] meso-tetra [o-dichlorophenyl] porphine chloride from a protected computer at Frontier Scientific, Inc. of Logan, Utah, and transmitted the "recipe" via email to an associate, without authorization; all for purposes of commercial advantage and private financial gain; all in violation of 18 U.S.C. §1030(a)(2).

/ /

/

A TRUE BILL:

_____/s/_____
FOREPERSON OF THE GRAND JURY

DAVID B. BARLOW
United States Attorney

_____
ADAM S. ELGGREN
Assistant United States Attorney